UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN WOODMARK CORPORATION,<br><br>     Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>     Defendant, | Court No. 23-00167 |

## COMPLAINT

American Woodmark Corporation ("AWC"), by its undersigned attorneys, hereby brings this civil action and alleges the following:

### Parties

1. AWC is a U.S. importer of hardwood plywood from Vietnam.

2. Plaintiff fully participated as an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A) in the Scope and Circumvention proceeding before the U.S. Department of Commerce ("Commerce") that resulted in the contested determination. Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

3. Defendant is the United States of America, acting by and through the U.S. Department of Commerce ("Commerce").

### Administrative Determination to be Reviewed

4. Plaintiff seeks judicial review of Commerce's final scope and circumvention determination published in the Federal Register on July 20, 2023 concerning the antidumping and

countervailing duty orders on hardwood plywood from the People's Republic of China. *See Certain Hardwood Plywood Products From the People's Republic of China*: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders; 88 Fed. Reg. 46,740 (Dep't Commerce, July 20, 2023).

## Jurisdiction

5. This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) and (B)(vi) to contest Commerce's final determination under 19 U.S.C. §1677j(b) in the scope and anti-circumvention inquiry of the antidumping ("AD") and countervailing duty ("CVD") orders on Certain Hardwood Plywood Products from China (together: the "Orders"). *See Certain Hardwood Plywood Products From the People's Republic of China*: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders; 88 Fed. Reg. 46,740 (Dep't Commerce, July 20, 2023). *("Final Determination")*.

6. Accordingly, this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## Standing

7. Plaintiff AWC is a U.S. importer of the merchandise subject to the scope and anti-circumvention inquiry. Accordingly, Plaintiff qualifies as an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

8. In addition, because Commerce made a final determination that was not lawful, Plaintiff has been adversely affected or aggrieved by agency action within the meaning of 5 U.S.C.

§ 702. Therefore, Plaintiff has standing to bring this action under 28 U.S.C. § 2631(c).

**Timeliness**

9. Plaintiff and other interested parties first received notice of Commerce's Final Determination through email notification on July 17, 2023 that the determination was available on Commerce's electronic document repository, ACCESS. Plaintiff understands July 17, 2023 to be the "deemed mailed" date for the purpose of its calculation of the correct appeal date. 19 U.S.C. § 1516a(a)(2)(A)(ii). Otherwise, Plaintiff did not receive Commerce's notice by "mail." Plaintiff filed a summons instituting this action on August 16, 2023, within thirty days after the deemed date of mailing, serving notice of the action upon all other participants in the scope and circumvention inquiry on the same date.

10. Plaintiff is filing this complaint within thirty days after filing the aforementioned summons. Therefore, Plaintiff has commenced this action within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A)(ii), 28 U.S.C. § 2636(c), and Rule 3 and Rule 6 of the Rules of this Court.

**Statement of Facts**

11. On January 4, 2018, the U.S. Department of Commerce ("Commerce") issued antidumping and countervailing duty orders on hardwood plywood from China. *See Certain Hardwood Plywood Products from the People's Republic of China*, Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order**,** 83 Fed. Reg. 504 (Dep't Commerce Jan. 4, 2018); *Certain Hardwood Plywood Products from the People's Republic of China*, Countervailing Duty Order, 83 Fed. Reg. 513 (Dep't Commerce Jan. 4, 2018) (together: the "Orders").

12. On February 25, 2020, the Coalition for Fair Trade in Hardwood Plywood (the "Coalition"

or "Petitioner") filed a request with Commerce for a scope ruling, and, alternatively, an anti-circumvention ruling. Petitioner claimed that hardwood plywood products from China that are covered by the scope of the Orders were being exported to Vietnam for assembly and exported from Vietnam to the United States. Alternatively, Petitioner claimed that hardwood plywood products from China were completed or assembled in Vietnam, thereby circumventing the Orders. *See* 19 U.S.C. § 1677j(b) and 19 CFR 351.225(h). Ltr. from Wiley on behalf of the Coalition re: Request for Scope Ruling/ Anti-Circumvention Ruling (Feb. 25, 2020).

13. Commerce accepted Petitioner's scope ruling request on March 4, 2020 and initiated scope and circumvention inquiries on June 9, 2020. *See* Dep't Commerce, Memorandum to File re: *Certain Hardwood Plywood Products from the People's Republic of China*: *Deadline for Comments on the Vietnam Assembly Scope Ruling Request* (March 4, 2020) and Dep't Commerce, *Certain Hardwood Plywood Products From the People's Republic of China: Initiation of Anti-Circumvention Inquiries and Scope Inquiries on the Antidumping Duty and Countervailing Duty Orders; Vietnam Assembly*, 85 Fed. Reg. 36,530 (June 17, 2020) ("Initiation Notice"). Commerce identified five scenarios covered by the Coalition's scope ruling request:

Hardwood plywood completed in Vietnam using:

(i) Face veneer, back veneer, and assembled core components manufactured in China (e.g., veneer core platforms) manufactured in China and assembled in Vietnam;

(ii) Fully assembled veneer core platforms manufactured in China that are combined in Vietnam with face and/or back veneers produced in Vietnam or third countries;

    (iii)  Multi-ply panels of glued core veneers manufactured in China that are combined in Vietnam to produce veneer core platforms and combined with either a face and/or back veneer produced in China, Vietnam, or a third country;

    (iv)  Face veneer, back veneer, and individual core veneers produced in China and assembled into hardwood plywood in Vietnam;

    (v)  Individual core veneers manufactured in China and processed into a veneer core platform in Vietnam and combined with a face and/or back veneer produced in Vietnam or other third country.

Initiation Notice at 36,531, n12. The scenarios listed above are referred to hereinafter as "Scenario (i)," "Scenario (ii)," "Scenario (iii)," "Scenario (iv)," and "Scenario (v)."

14. Commerce determined that the period of review for this scope and circumvention inquiry was December 2016 (the month after Petitioner filed its investigation petitions) through March 2020 (the month after Petitioner filed its scope and circumvention requests). *See* Dep't Commerce, Ltr. to Interested Parties re Quantity and Value Questionnaire for Vietnamese Producers and Exporters of Certain Hardwood Plywood Products (Sept. 10, 2020) at 1.

15. Commerce also aligned the instant circumvention and scope inquiries with a scope inquiry associated with a covered merchandise referral from U.S. Customs and Border Protection (CBP) under the Enforce and Protect Act of 2015, EAPA Investigation No. 7252. *Id*. at 36,530.

16. After initiation but before Commerce began its collection of factual information from

interested respondent parties, Commerce issued the following clarification of the scope of its inquiries: "The merchandise subject to these anti-circumvention and scope inquiries does not include core veneers fully produced in Vietnam or a third-country that are assembled into a veneer core platform in Vietnam and combined with a face and back veneer produced in China." Dep't Commerce, Memorandum to File, re: Clarification of Merchandise subject to Anti-Circumvention and Scope Inquiries (July 9, 2020), citing to Petitioner's Letter, "Hardwood Plywood Products from the People's Republic of China: Coalition's Response to Request for Clarification" (May 12, 2020) at 6.

17. Commerce issued its first quantity and value questionnaire on September 10, 2020 ("Q&V questionnaire"). Commerce sent its Q&V questionnaire to 57 Vietnamese respondents for which Commerce had information that they produced and/or exported hardwood plywood from Vietnam to the United States. This initial questionnaire included two pages of questions and four excel charts to be completed. *Id*. at Att. II & III. Commerce received responses from 51 Vietnamese companies.

18. Commerce issued a supplemental questionnaire on February 22, 2021 and a second supplemental questionnaire on June 15, 2021. Altogether, 45 Vietnamese producers and exporters of hardwood plywood fully responded to Commerce's three questionnaires. *See* Dep't Commerce, Memorandum, *Preliminary Decision Memorandum for the Anti-Circumvention and Scope Inquiries on the Antidumping Duty and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China* (July 22, 2022) at App. I ("Prelim Decision Memo").

19. With a handful of exceptions, Commerce did not address individual respondents' responses

or documentation nor ask for any clarifications of submitted responses to the supplemental and second supplemental Q&V questionnaires. *See* Dep't Commerce, Ltr. re: Quantity and Value Supplemental Questionnaire for Vietnamese Producers and Exporters of Certain Hardwood Plywood Products (Feb. 22, 2021) ("Supp. Qre") (consisting of a little over two pages) and *see* Dep't Commerce, Ltr. re: Quantity and Value Second Supplemental Questionnaire for Vietnamese Producers and Exporters of Certain Hardwood Plywood Products (June 15, 2021) ("2nd Supp. Qre") (consisting of one and half pages).

20. Thus, Commerce's complete fact-finding efforts specific to the 45 Vietnamese respondents that fully participated in these scope and circumvention inquiries covering over three years of production and sales consisted of about six pages of questions and several excel charts over eight months. In particular, Commerce did not request information on the Vietnamese respondents' investments, production costs, research and development expenses, the nature of their production processes, or extent of their production facilities figuring prominently in Commerce's circumvention statute. *See* 19 U.S.C. 1677j(b)(2).

21. Otherwise, during the year from August 2021 through July 2022, Commerce did not request further factual information from any party to prove or disprove Petitioner's allegations of circumvention or sales of merchandise subject to the Orders by any of the Vietnamese respondents. Throughout this process, Commerce never selected mandatory respondents for individual investigation as representative of the Vietnamese plywood manufacturing industry. Altogether, Commerce's conduct of these scope and circumvention inquiries leading to its Preliminary Determination was startlingly threadbare and deficient.

22. Commerce's Preliminary Determination in these inquiries was published in the Federal Register on July 29, 2022. Commerce made a country-wide determination finding that plywood produced in Vietnam under Scenarios (i) – (iii) were within the scope of the AD and CVD Orders on hardwood plywood from China, and plywood produced in Vietnam under Scenarios (iv) and (v) were circumventing the Orders. Prelim. Det. at 45,753. Despite the countrywide effect of Commerce's conclusion, Commerce failed to identify one single responding plywood producer who was either shipping in-scope merchandise to the United States or circumventing the Orders by exporting Chinese merchandise that was only insignificantly assembled or completed in a third country.

23. Commerce applied adverse facts available ("AFA") to 22 of the 45 Vietnamese producers and exporters, including certain of Plaintiff's suppliers, who fully responded to Commerce's six pages of questions and several excel charts because Commerce found that they provided deficient or contradictory responses. Commerce did not ask for clarification or explanation of alleged deficient or contradictory responses before applying adverse facts available to these companies.

24. Commerce also set up a certification requirement for administering its countrywide scope and circumvention findings. Prelim. Decision Memo at 27-28. Commerce preliminarily allowed Vietnamese exporters to certify that their hardwood plywood imported into the United States was not produced under any of the five scenarios for in-scope or circumventing merchandise.

25. Commerce barred the 22 AFA Respondents, including certain of Plaintiff's suppliers, from participating in the certification process for prior and future imports of plywood.

26. After Commerce issued its Preliminary Determination, Plaintiff and its Vietnamese suppliers and numerous other respondents submitted filings challenging various aspects of Commerce's Preliminary Determination, in many cases submitting factual information to rebut, clarify, and correct Commerce's unexpected new findings of facts concerning discrepancies and inconsistencies.

27. Commerce rejected all factual information from Plaintiff's suppliers and other respondents filed after its Preliminary Determination, stating that such information was untimely.

28. Commerce verified on site in Vietnam 11 Vietnamese respondents from October 17, 2022 through October 25, 2022, in truncated one-day site visits. Commerce refused to verify any of Plaintiff's Vietnamese producers and exporters to which Commerce applied AFA in the Preliminary Determination.

29. Plaintiff filed a case brief jointly with other interested parties on January 9, 2023, arguing that Commerce's Preliminary Determination to apply total adverse facts available to cooperating Vietnamese exporters was not supported by substantial evidence and Commerce's Preliminary Determination of circumvention with respect to Scenarios (iv) and (v) was not supported by substantial evidence. Plaintiff also argued that plywood produced in Vietnam under Scenarios (i) through (iii) was not within the scope of the Orders.

30. Commerce issued its final determination on July 14, 2023, which was published in the Federal Register on July 20, 2023. *See Certain Hardwood Plywood Products From the People's Republic of China*: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders; 88

Fed. Reg. 46,740 (Dep't Commerce, July 20, 2023). ("Final Determination") and accompanying Issues and Decision Memorandum dated July 14, 2023 ("Final IDM").

31. On July 17, 2023, Commerce sent email notifications to interested parties that its unpublished final determination was available on ACCESS.

32. In its final determination, Commerce reversed its preliminary scope finding. Based on the holding of the U.S. Court of International Trade in the *Finewood* litigation that two-ply panels from China were not subject to the scope of the Orders, Commerce no longer found that the inquiry merchandise produced in Vietnam under Scenarios (i) through (iii) were in-scope products; rather such products were circumventing the Orders. Commerce continued to find that merchandise produced under Scenarios (iv) and (v) were also circumventing the Orders. Final IDM at 10-14. *See Vietnam Finewood Co. v. United States,* 633 F. Supp. 3d 1243 (Ct. Int'l Trade 2023); *see also Far E. Am., Inc. v. United States*, No. 22-00049, 2023 Ct. Intl. Trade LEXIS 123 (Ct. Int'l Trade Aug. 22, 2023) (sustaining Commerce's scope redetermination).

33. In determining that Scenarios (i) through (iii) were included in its circumvention findings, Commerce reasoned that more of the production process for these scenarios occurred in China, and, therefore, Commerce's preliminary circumvention analysis for Scenarios (iv) and (v), which describes less production occurring China, supports an affirmative circumvention determination for Scenarios (i) through (iii).

34. Plaintiff and other interested parties had no opportunity to comment, submit factual information, or differentiate their circumvention analyses and arguments with respect to Scenarios (i) through (iii). In its post-preliminary submissions, Plaintiff's arguments

against a finding of circumvention were limited to Scenarios (iv) and (v), based on Commerce's hypothetical findings of circumvention. Because Commerce's preliminary determination with respect to Scenarios (i) through (iii) concerned solely the agency's affirmative scope determination, Plaintiff's and other interested parties' post-preliminary submissions regarding Scenarios (i) through (iii) were in rebuttal to Commerce's scope findings. Commerce gave Plaintiff and other interested parties no opportunity to comment on Scenarios (i) through (iii) with respect to the circumvention analysis.

## COUNT I

35. The allegations of paragraphs 1 through 34 are restated and incorporated herein by reference.

36. Although Commerce states that it relied on facts otherwise available in accordance with 19 U.S.C. § 1677e(a)(2)(A)-(C), Commerce's analysis is deficient in several respects: Commerce did not address whether n*ecessary* information is missing from the record; Commerce did not properly notify respondents of perceived deficiencies; and respondents' submissions were timely and in the form and manner that Commerce requested. Commerce's determination to apply total adverse facts available to Plaintiff's Vietnamese suppliers is arbitrary and capricious, not supported by substantial evidence, and not in accordance with law.

## COUNT II

37. The allegations of paragraphs 1 through 36 are restated and incorporated herein by reference.

38. Commerce was obligated to give Plaintiff's Vietnamese suppliers and all other responding parties notice of perceived deficiencies in submissions and provide the parties an opportunity to respond.  Indeed, in *Hyundai Steel*, the court held that Commerce's failure to timely notify a party of deficiency "is itself a violation of § 1677m(d)." *Hyundai Steel Co. v. United States*, 282 F. Supp. 3d 1332, 1349 (Ct. Int'l Trade 2018).  Similarly, the Federal Circuit has held that the statutory entitlement to notice and opportunity to remedy any deficiency is unqualified.  *Hitachi Energy USA Inc. v. United States*, 34 F.4th 1375, 1384-85 (Fed. Cir. 2022).  Commerce's failure to give Plaintiff's suppliers notice of perceived deficiencies in its submissions was arbitrary and capricious and contrary to law.

## COUNT III

39. The allegations of paragraphs 1 through 38 are restated and incorporated herein by reference.

40. Commerce erred in denying certain of Plaintiff's suppliers the opportunity to remedy the asserted deficiencies.  *See, e.g.*, Dep't Commerce Memorandum to File re: Reject and Retain Untimely Filed New Factual Information (October 25, 2022).  In such circumstances as in this case, where Commerce provided no deficiency notices until its Preliminary Determination when it was too late for Plaintiff's suppliers to cure the alleged deficiencies with explanation, clarification, correction, or additional factual information, the trade courts have not condoned Commerce's rejection of new factual information and application of adverse facts available. *See, e.g., Hitachi Energy,* 34 F.4th at 1385 ("Commerce has no authority to apply adverse facts and inferences unless the respondent has failed to provide requested information when notified of the deficiency, and has not

12

acted to the best of its ability in responding to such requests); *Shelter Forest Int'l Acquisition*, 497 F. Supp. 3d at 1401 ("Commerce must raise identified deficiencies such as this one and provide respondents with an opportunity to explain, correct or supplement it."). Commerce's failure to give Plaintiff's suppliers an opportunity to explain or correct perceived deficiencies in its submissions was contrary to law.

## COUNT IV

41. The allegations of paragraphs 1 through 40 are restated and incorporated herein by reference.

42. Commerce did not properly apply the statutory criteria in concluding that Vietnamese plywood produced with single core veneer from China (circumvention Scenarios (iv) and (v)) was circumventing the Orders on hardwood plywood from China. The relevant circumvention statute requires a finding that the inquiry merchandise is merely completed or assembled in the third country, and that such completion or assembly is minor or insignificant, 19 U.S.C. §§ 1677j(b)(1)(C) & (2)(A)-(E). Commerce did not show with substantial evidence that Plaintiff's hardwood plywood produced in Vietnam was mere assembly or completion that was minor or insignificant, even assuming that such plywood could theoretically have been produced using core veneers from China. The statute also requires Commerce to consider additional factors, including pattern of trade, affiliation, and increase in imports. 19 U.S.C. § 1677j(b)(3). Commerce's analysis on the additional factors is contrary to law and deficient, and its determination that the additional factors, without respect to production scenarios, overall supports an affirmative circumvention determination is not supported by substantial evidence.

## COUNT V

43. The allegations of paragraphs 1 through 42 are restated and incorporated herein by reference.

44. Circumvention Scenarios (i) through (iii) concern plywood produced in Vietnam from two-ply veneer, multi-ply panels of glued veneer, and fully assembled core platforms, which Commerce determined in its Final Determination were circumventing the Orders. Commerce afforded Plaintiff and other interested parties no opportunity to offer factual information, analyze, and argue against a finding of circumvention under Scenarios (i) through (iii).  5 U.S.C. § 555(b) provides that interested parties are entitled to appear before an agency for "the presentation, adjustment, or determination of an issue, request, or controversy in a proceeding . . .."  Because Plaintiff and its suppliers had no opportunity to present its arguments and request an adjustment of Commerce's findings and conclusions, Commerce's circumvention determination with respect to Scenarios (i) through (iii) was arbitrary and contrary to law.

## COUNT VI

45. The allegations of paragraphs 1 through 44 are restated and incorporated herein by reference.

46. Commerce's conduct of the underlying scope and circumvention inquiry lacked transparency.  Commerce made several methodological decisions in this inquiry that were contrary to Commerce's normal practice.  For instance, Commerce stated in its initiation notice that it would select mandatory respondents but failed to do so, contrary to its normal

practice. Also, normally Commerce completes a scope inquiry within 120 days and a circumvention inquiry within 300 days (19 CFR § 351.225(f)(5)), with relatively short extensions if necessary. Contrary to this normal practice, Commerce took 1,130 days to complete this proceeding. Further, contrary to its normal practice in circumvention inquiries, Commerce issued no questionnaires to Plaintiff's suppliers and other respondents regarding their investments, production facilities, processes, and costs of production. Commerce provided no rationalization for its methodological decisions during the inquiry. Accordingly, Commerce's conduct of the scope and circumvention inquiry was arbitrary and capricious. In *Amerijet Int'l, Inc. v. Pistole*, 753 F.3d 1343, 1350-52 (D.C. Cir. 2014) the Court underscored the importance of an agency's obligation to "articulate an explanation for its action," stating that "a fundamental requirement of administrative law is that an agency set forth its reasons for decision; an agency's failure to do so constitutes arbitrary and capricious agency action'"), citing *Tourus Records, Inc. v. DEA*, 259 F.3d 731, 737 (D.C. Cir. 2001). Commerce's conduct of its circumvention inquiry was arbitrary and capricious.

## COUNT VII

47. The allegations of paragraphs 1 through 46 are restated and incorporated herein by reference.

48. At the outset of these investigations, Commerce issued an explicit statement that these investigations do not cover "core veneers fully produced in Vietnam or a third-country that are assembled into a veneer core platform in Vietnam and combined with a face and back veneer produced in China." Dep't Commerce, Memorandum to File, re: Clarification of

Merchandise subject to Anti-Circumvention and Scope Inquiries (July 9, 2020). This created an explicit "safe-harbor" for plywood produced in Vietnam without Chinese core veneer or core veneer platforms. Plaintiff and its Vietnamese suppliers relied on the security of this safe-harbor, made significant investments, and placed large orders based on the security of this safe harbor. In its determinations, however, Commerce denied this safe-harbor to certain of Plaintiff's suppliers, applying duties to the very products that were explicitly said to not be subject to the Orders—Vietnamese plywood made with no Chinese core veneer or core veneer platforms, without allowing CBP to independently examine that cargo to exclude it as safe harbor non-inquiry merchandise. Commerce's determinations in this case are arbitrary and capricious because there is no "rational connection between facts found and choices made." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

## COUNT VIII

49. The allegations of paragraphs 1 through 48 are restated and incorporated herein by reference.

50. In a normal circumvention investigation, recognizing that entries start to liquidate within ten months, Commerce reaches a Preliminary Determination in six to nine months, or only slightly longer than in original AD investigations. Here, in contrast, not only did Commerce create an explicit safe harbor at the outset (which the exporters followed dutifully) but also it then took an extraordinary amount of time to get to a Preliminary Determination—more than two years. This is all the more extraordinary because Commerce never selected a mandatory respondent and never issued its standard

circumvention questionnaire. In light of the unexpected potential liabilities that Commerce allowed to accrue, it nonetheless failed to offer Plaintiff's Vietnamese suppliers a simple streamlined certification procedure to attest to the fact that they did not export hardwood plywood produced under the five inquiry production scenarios to Plaintiff and that their plywood fell within the parameters of the safe harbor. Commerce's decision to bar certain of Plaintiff's suppliers from participating in its certification program covering hardwood plywood from Vietnam was arbitrary and capricious.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment from the Court:

(1) Declaring Commerce's circumvention inquiry covering hardwood plywood from Vietnam to be invalid due to Commerce's arbitrary and capricious conduct of the inquiry;

(2) Declaring Commerce's application of total adverse facts available to Plaintiff's suppliers as cooperating Vietnamese respondents arbitrary and capricious and not supported by substantial evidence;

(3) Declaring Commerce's failure to provide timely notice of deficiencies as required by § 1677m(d) and allow Plaintiff's suppliers an opportunity to explain perceived deficiencies or remedy actual deficiencies was both contrary to law and arbitrary and capricious;

(4) Declaring Commerce's determination that Vietnamese plywood manufactured under Scenarios (iv) and (v) was circumventing the Orders on hardwood plywood from China unsupported by substantial evidence and contrary to law;

(5) Declaring that the administrative record concerning circumvention of the Orders on

hardwood plywood from China is not complete, and the Court is unable to determine whether Vietnamese plywood produced under Scenarios (i) through (iii) circumvented the Orders on hardwood plywood from China;

(6) Declaring that Commerce's certification process is inappropriately burdensome given the lapse of time between initiation of the inquiry and Commerce's Final Determination;

(7) Remanding with instructions to Commerce to reverse its determination in accordance with the Court's decision; and

(8) Granting Plaintiff such other relief as the Court may deem appropriate.

    Respectfully submitted,

    /s/ Gregory S. Menegaz
    Gregory S. Menegaz
    Alexandra H. Salzman
    J. Kevin Horgan
    Vivien Jinghui Wang
    **deKieffer & Horgan, PLLC**
    Suite 410
    1090 Vermont Ave., N.W.  20005
    Tel: (202) 783-6900
    Fax: (202) 783-6909
    email:  gmenegaz@dhlaw.com

Dated:  September 13, 2023